# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY A. NESBY,
No. 05328-025,

Petitioner,

vs.                                        Case No. 17-cv-542-DRH

B. TRUE,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), his prior Illinois convictions for drug offenses should not have been used to impose an enhanced sentence under the career offender sentencing guidelines.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## **Background**

Petitioner was tried before a jury and convicted in this Court of conspiracy to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846. (Doc. 1, p. 2); *United States v. Nesby*, Case No. 01-cr-40047-JPG (S.D. Ill.). On October 3, 2002, he was sentenced to life in prison. *Id.* The conviction and sentence were affirmed on appeal, and the Supreme Court denied his petition for certiorari on October 6, 2003. (Doc. 1, p. 2).

On October 4, 2004, Petitioner filed a motion under 28 U.S.C. § 2255, in which he challenged the enhancement of his sentence to life, as well as claimed ineffective assistance of counsel. *Nesby v. United States*, Case No. 04-cv-4203 (S.D. Ill.). That motion and another filed on November 10, 2004 (Case No. 04-cv-4235), was denied. (Doc. 1, pp. 2-3).

On October 28, 2016, Petitioner was notified that he had been granted executive clemency as to the life sentence. This executive action reduced his sentence to a term of 360 months. *Id.*; (Doc. 254 in criminal case).

## **The Petition**

Petitioner argues that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his criminal history level should be adjusted to exclude his 3 drug-related state convictions as predicate offenses for purposes of enhancement of his

sentence. These convictions were in Will County, Illinois: Case No. 89-CF-922 for Unlawful Possession of a Controlled Substance; Case No. 91-CF-3111 for Unlawful Possession of a Controlled Substance; and Case No. 96-CF-5455 for Unlawful Delivery of a Controlled Substance. (Doc. 1, p. 3). He claims that the Illinois statute which defines "delivery" of a controlled substance includes a broader definition of the term than what is found in federal law. For this argument, he refers to 720 ILCS 570/102(h), 720 ILCS 570/401, and 720 ILCS 570/407(b), and compares the language with Section 4B1.2 of the United States Sentencing Guidelines ("USSG"). (Doc. 1, pp. 9-12). After *Mathis*, Petitioner claims that his prior conviction(s), particularly the 1996 unlawful delivery case, should no longer be used as a basis to enhance his sentence as a career offender. He notes that if the enhancement were removed, the applicable sentencing range under the USSG would be considerably less than the 360-month sentence that resulted from the executive clemency. If he were re-sentenced under the revised guideline range, Petitioner believes he could be eligible for release based on time he has already served. (Doc. 1, p. 14).

Additionally, Petitioner asserts that his acceptance of the commuted sentence should not foreclose his ability to bring a collateral challenge to the sentence he is continuing to serve. (Doc. 1, pp. 13-14).

Petitioner requests the Court to eliminate his "career offender" status pursuant to *Mathis* so that he may be re-sentenced under the USSG without the enhancement. (Doc. 1, p. 15).

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Petitioner is attacking his enhanced sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner

4

under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), as grounds for his argument that his previous Illinois drug convictions should not have been counted as "controlled substance offenses" under the definitions in the United States Sentencing Guidelines. In *Mathis*, the Supreme Court held that an Iowa burglary statute which allowed for a conviction based on entry to a vehicle was too broad to qualify as a "generic burglary" statute. "Generic burglary" requires that the unlawful entry must have been made

5

to a building or other structure. Because the Iowa statute was not "divisible" into distinct elements according to where the crime occurred, the *Mathis* Court held that a conviction under that state law could not be used as a predicate offense to enhance a federal defendant's sentence under the burglary clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Mathis*, 136 S. Ct. at 2250-51; *see also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016). *Mathis* is a statutory interpretation case rather than a constitutional case, thus it satisfies the first element of the savings clause. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241").

As to the second factor, the decision in *Mathis* was announced on June 23, 2016, long after Petitioner's § 2255 motion was denied in 2004, so Petitioner could not have relied on *Mathis* in that proceeding. Further, the Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (citing *Davis v. United States*, 417 U.S. 333 (1974); *Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)).

Finally, Petitioner asserts that the increase in the calculation of his guideline sentencing range based on the career-criminal enhancement resulted in a significantly higher range (and a higher sentence) than would have resulted without the enhancement. If so, this could be deemed a miscarriage of justice.

The Petition thus facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e).

It is notable, however, that "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). The *Mathis* decision thus may or may not be applicable to Petitioner's sentence, where the sentencing enhancement was determined based on the advisory sentencing guidelines, not the ACCA statute. The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017) (distiguishing *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015)).

Given the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

## **<u>Disposition</u>**

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any

objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: July 6, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.07.06 12:21:50 -05'00'

**United States District Judge**