IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY A. NESBY,

      Petitioner,

vs.                                   Civil No. 17-cv-542-DRH-CJP

B. TRUE,

      Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Larry A. Nesby filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for Lack of Jurisdiction, Doc. 7. Petitioner responded to the motion at Doc. 10.

Respondent argues that the petition must be dismissed because petitioner's sentence was commuted by presidential order.

## Relevant Facts and Procedural History

Petitioner was convicted of two counts of conspiracy to distribute in excess of 50 grams of crack cocaine in the Southern District of Illinois and was sentenced to life imprisonment. *United States v. Nesby*, Case No. 01-cr-40047JPG.

Prior to trial, the government filed an information pursuant to 21 U.S.C. §

851 stating that Nesby had been convicted of three prior qualifying felony drug offenses. Doc. 7, Ex. 3.

The presentence investigation report stated that Nesby was a career offender under U.S.S.G. § 4B1.1, and that his Guidelines sentencing range was 360 months to life imprisonment. Doc. 6. The sentencing court adopted those findings. Ex. 2. However, because of the § 851 enhancement, he was subject to a mandatory minimum sentence of life imprisonment on each count. In October 2002, he was sentenced to two concurrent terms of life imprisonment. Ex. 2.

Nesby filed a direct appeal and a number of unsuccessful collateral attacks, which are described in respondent's motion. He also filed an application for executive clemency, which met with more success. In October 2016, President Obama commuted his sentence to a term of 360 months imprisonment. Ex. 4. P.3.

## **Analysis**

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Nesby argues that his prior drug conviction for unlawful delivery of a controlled substance in violation of 720 ILCS 570/401(d) does not qualify as a controlled substance offense for purposes of the career offender enhancement under U.S.S.G. § 4B1.2. The merits of his argument are doubtful. The Seventh Circuit rejected an identical argument in *United States v. Redden*, ___ F.3d ___, 2017 WL 5162587 (7th Cir. November 8, 2017). In addition, he ignores the fact that he was subject to a mandatory minimum sentence of life imprisonment because of

the § 851 enhancement; his argument that he should not have been classified as a career offender has no relevance to the § 851 enhancement. However, respondent is correct that this Court has no jurisdiction to consider a collateral attack on a sentence imposed by order of the executive and that this case is moot.

Article II, § 2 of the United States Constitution provides that the President "shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." The Supreme Court has interpreted the "broad power" conferred by the Constitution "to allow plenary authority in the President to 'forgive' the convicted person in part or entirely, to reduce a penalty in terms of a specified number of years, or to alter it with conditions which are in themselves constitutionally unobjectionable." *Schick v. Reed*, 95 S. Ct. 379, 385 (1974). Significantly, the Supreme Court has held that "the pardoning power is an enumerated power of the Constitution and that its limitations, if any, must be found in the Constitution itself." *Ibid*. Therefore, this Court has no jurisdiction to consider the propriety of the 360 month sentence set by the President.

Further, petitioner's challenge to his original life sentence is now moot because he is no longer serving that sentence. Any opinion rendered by this Court as to the validity of the original life sentence would be nothing more than an advisory opinion. Article III, §2 limits the jurisdiction of a federal court to live "Cases" and "Controversies." "[C]ases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Federation of Advertising Industry Representatives v. Chicago*, 326 F.3d 924,

3

929 (7th Cir. 2014).

Petitioner anticipated respondent's argument. In his petition, he cited *Simpson v. Battaglia*, 458 F.3d 585 (7th Cir. 2006), and *Madej v. Briley*, 371 F.3d 898 (7th Cir. 2004), for the proposition that the commutation of his sentence does not render his petition moot. See, Doc. 1, p. 14. However, those cases did not involve Presidential commutation of federal sentences. Both of those cases involved challenges under 28 U.S.C. § 2254 to death sentences imposed by the state. In both cases, the death sentences were commuted by the Illinois governor to life in prison. The Seventh Circuit held that the cases were not rendered moot by the governor's commutation because of the supremacy of the federal constitution. "Although the state contends that the Governor's commutation bars that option as a matter of state law, the Constitution supersedes any incompatible state principles." *Madej*, 371 F3d at 899. "More importantly, Illinois does not point to a *federal* standard in which executive clemency at the state level operates to limit the reach of *federal* habeas review." *Simpson*, 458 F.3d at 596 (emphasis in original). In addition, the petitioners in those case raised federal constitutional challenges to their state sentences, but Nesby does not argue that his life sentence was unconstitutional. Therefore, *Simpson* and *Madej* have no application here.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for Lack of

4

Jurisdiction (Doc. 7) is **GRANTED**.

The Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is

**DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.14
15:29:09 -06'00'

**United States District Judge**

## **Notice**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).